UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ROGER JEFFERSON,

                        Plaintiff,

-against-

DET. MARY JAVITS (Shield #7776), DET.
GRECO (Shield #5971), DET. FRANGIPANE
(Shield #4308), and THE CITY OF NEW
YORK,

                        Defendants.
-----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**06-CV-6616 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Roger Jefferson ("Jefferson") brings this action under 42 U.S.C. § 1983 and state law against Detective Mary Javits ("Javits"), Detective Greco, ("Greco"), Detective Frangipane ("Frangipane"), and the City of New York ("the City") (collectively, "Defendants"). (Amended Complaint ("Am. Compl.") (Docket Entry # 30) ¶¶ 4-7.) Plaintiff claims that Defendants violated his constitutional rights by subjecting him to false arrest and malicious prosecution and by depriving him of his right to due process. (Id. ¶ 17.) Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the following reasons, the motion is granted.

I.    BACKGROUND

    A.    **Factual Background**

On July 17, 2003, three gunmen jumped out of a car and shot at Jefferson as he walked to his girlfriend's Staten Island home. (Def. 56.1 Stmt. (Docket Entry # 62) ¶¶ 8-9.) Jefferson suffered a bullet wound to the leg as he ran from the shooters. (Id. ¶ 10.) Once Jefferson had

taken refuge in his girlfriend's home, he called 911. (Id. ¶ 11.) Emergency medical technicians ("EMT") and officers of the New York City Police Department ("NYPD"), including Javits, responded to the call. (Id. ¶ 11)

Detective Javits and Jefferson's girlfriend rode with him in the ambulance to the hospital. (Id. ¶ 12.) Meanwhile, NYPD officers found a 38 millimeter revolver in Jefferson's girlfriend's apartment. (Id. ¶ 13.) NYPD officers identified Jermaine Dickerson and Joseph Smith-Davis as Jefferson's shooters and arrested them while Jefferson was at the hospital. (Id. ¶ 14.) Dickerson and Smith-Davis made statements to NYPD officials asserting that Jefferson had fired a handgun at them. (Id. ¶ 15.) Javits subsequently arrested Jefferson while he was still in the hospital receiving treatment for his leg. (Id. ¶ 16.)

On July 18, 2003, Jefferson was released from the hospital, and NYPD officers took him to the police precinct where Greco and Frangipane led him to an interrogation room. (Id. ¶¶ 17-18.) Soon after his arrival, Greco gave Jefferson a Miranda waiver form, which Jefferson initialed and signed. (Id. ¶ 20.) Jefferson then provided a written statement in which he waived his Miranda rights and admitted that he fired shots at Dickerson. (Id. ¶ 25.) Jefferson claims that he only signed the Miranda waiver form and gave the written statement because Greco and Frangipane told him that if he did not, his girlfriend would be arrested and her children would be taken away. (Id. ¶¶ 23-24.)

On July 31, 2003, a grand jury indicted Jefferson on two counts of criminal possession of a weapon. (Id. ¶ 29.) Jefferson's first trial resulted in a mistrial. (Id. ¶ 36.) A second indictment was obtained on October 15, 2003. (Id. ¶ 37.) On December 7, 2004, after a jury trial, Jefferson was acquitted of all charges. (Id. ¶ 38.)

B.  **Procedural History**

On December 11, 2006, Jefferson filed his initial complaint in this action against the NYPD, Police Commissioner Raymond Kelly, Javits, Greco, and two "John Doe" defendants. (Compl. (Docket Entry # 1) at 3). In it, Jefferson asserted claims of false arrest, false imprisonment, excessive force, deprivation of due process, and malicious prosecution under 14 U.S.C. § 1983. (Id. at 4-6.) Upon Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this court dismissed all but the malicious prosecution claim as time-barred in its April 21, 2008, Memorandum and Order. ((Docket Entry # 26) at 6.) The court dismissed the malicious prosecution claim as insufficiently pleaded, and granted Jefferson leave to amend his complaint as to that specific claim. (Id. at 11.) Jefferson reasserts his due process and false arrest claims, even though this court did not grant him leave to do so. (Id. at 6.) He does not challenge the court's prior decision to dismiss those claims as time-barred. For the reasons set forth in the court's prior opinion, summary judgment is granted as to Jefferson's false arrest and due process claims. (See id. at 6-7.)

## II.  STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). No genuine issue as to a material fact exists if "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). When deciding a motion for summary judgment, the court must "construe the evidence in the light most favorable to the non-moving party and . . . draw all reasonable inferences in its favor."

Trammell v. Keane, 338 F.3d 155, 161 (2d Cir. 2003). "[P]ro se parties are to be given special latitude on summary judgment motions." Salahuddin v. Coughlin, 999 F. Supp. 526, 535 (S.D.N.Y. 1998) (internal quotation omitted). "Nevertheless, proceeding pro se does not otherwise relieve a litigant from the usual requirements of summary judgment, and a pro se party's bald assertion, unsupported by evidence, is not sufficient to overcome a motion for summary judgment." Cole v. Artuz, No. 93 Civ. 5981 (WHP), 1999 U.S. Dist. LEXIS 16832, at *3 (S.D.N.Y. Oct. 28, 1999).

## III. DISCUSSION

### A. Malicious Prosecution

To prevail on a § 1983 claim for malicious prosecution, plaintiffs must show a violation of their Fourth Amendment rights and establish the elements of a malicious prosecution claim under state law. Fulton v. Robinson, 289 F.3d 188, 195 (2d Cir. 2002). The elements of a malicious prosecution claim under New York law are "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." Murphy v. Lynn, 118 F.3d 938, 944 (2d Cir. 1997).

Even assuming that Jefferson could fulfill the other prongs of the malicious prosecution standard, Jefferson's claim nonetheless fails because no genuine issue exists as to the third prong: whether Defendants had probable cause to commence the proceeding against him. "[T]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York." Savino v. City of New York, 331 F.3d 63, 72 (2d Cir. 2003) (internal quotation omitted). "[I]ndictment by a grand jury creates a presumption of probable cause that may only be rebutted by evidence that the indictment was procured by fraud, perjury, the suppression of evidence or

4

other police conduct undertaken in bad faith." Id. Speculation or conjecture that a plaintiff's indictment resulted from a defendant's misconduct will not suffice. See Gil v. County of Suffolk, 590 F. Supp. 2d. 360, 369 (E.D.N.Y. 2008). Rather, a plaintiff must "establish what occurred in the grand jury, and [] further establish that those circumstances warrant a finding of misconduct sufficient to erode the premise that the Grand Jury acts judicially." Rothstein v. Carriere, 373 F.3d 275, 284 (2d Cir. 2004) (citation and internal quotation omitted).

Jefferson attempts to rebut the presumption of probable cause created by his two grand jury indictments by first claiming that Defendants provided false testimony to obtain his indictment. The only evidence of Defendants' misconduct Jefferson provides is a trial transcripts showing that Jefferson and Defendants recounted differing versions of the events leading to Jefferson's arrest and prosecution. (Pl. Mem. Ex. A-O.) This evidence is insufficient to show Defendants lied or acted in bad faith before the grand jury. See, e.g., Hill v. Melvin, No. 05 Civ. 6645 (AJP), 2006 U.S. Dist. LEXIS 43006, at *57 (S.D.N.Y. June 27, 2006). It is therefore insufficient to rebut the presumption of probable cause.

Jefferson further claims that Defendants coerced his written statement and presented it before the grand jury in bad faith. (See Pl. Mem. (Docket Entry # 58) at 13.) Jefferson offers no evidence, other than unsupported accusations and his own speculation, that his statement was knowingly coerced by Defendants, that the statement was presented before the grand jury, or that the indictments were wrongfully obtained because of his statement. See Rothstein v. Carriere, 373 F.3d 275, 284 (2d Cir. 2004) (concluding that the plaintiff could not overcome the presumption of probable cause where the plaintiff presented no evidence of what had happened before the grand jury). Accordingly, Defendants' motion for summary judgment as to Jefferson's malicious prosecution claim is granted.

### B. Section 1983 Claim against the City

A municipality may be held liable under § 1983 if its customs or policies resulted in the violation of a plaintiff's constitutional rights. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Because this court has determined that Jefferson suffered no violation of his constitutional rights, Jefferson's § 1983 claim against the City cannot survive summary judgment. See Smith v. Edwards, 175 F.3d 99, 107 (2d Cir. 1999) (granting municipality summary judgment on § 1983 claim in the absence of a constitutional claim). The City's motion for summary judgment is granted.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion is GRANTED. Plaintiff's action is dismissed.

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2010

/S/ Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge